[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These matters are post-judgment motions for contempt and modification of alimony filed by the plaintiff and the defendant, respectively, subsequent to a dissolution of their marriage.
Motion for Contempt:
The plaintiff claims that, as part of the judgment dissolving her marriage to the defendant, the defendant, was required to pay to her $2,500.00 in attorney's fees within one year of the date of the judgment and that he has failed to do so. The defendant replies that he was unaware of the obligation and is financially unable to pay more than $10.00 per week toward satisfaction of the order. The court finds the following facts. CT Page 10075
On April 27, 1992, the trial court, Jackaway, J., rendered a decision obligating the defendant to pay the plaintiff $2,500.00 for her attorney's fees within one year. This decision was read aloud by the trial court in the defendant's presence. The defendant claims that he was in such a state of shock after hearing other parts of the decision that he became oblivious to this portion of the decision. This court finds this claim less than credible. The court finds that the defendant was aware of this obligation despite his protest to the contrary.
The court also finds that the defendant wilfully failed to pay the $2,500.00 by April 27, 1993. The defendant argues that the court must ignore the defendant's ability to pay preceding the April 27, 1993, date, and can only consider his financial circumstance on that date. The court rejects this contention. It was incumbent upon the defendant to marshall his financial resources during the one year he was given to pay the sum so as to comply with the court's order. During this time period, the defendant received $8,500.00 as a disbursement from a fund. The defendant used this money to pay other bills. Also, the defendant was employed, part-time, on a fairly regular basis during this period. He took a trip to the Caribbean for a week, for which week he received no pay. The defendant chose to use the money available to him to satisfy the court ordered obligation for other purposes.
It should be noted that the defendant has paid the plaintiff $280.00 toward this debt.
Consequently, the court finds the defendant to be in contempt and orders him incarcerated until he purges himself of the contempt by paying the $2,500.00 less $280 for a total of $2,220.00 to the plaintiff. The court will stay execution of the incarceration until February 14, 1994, on which date the defendant and his counsel are ordered to reappear in court so that the defendant's surrender to custody may occur.
Motion for Modification:
Connecticut General Statutes 46b-86(a) allows the court to modify an award of alimony upon proof of a substantial change in the circumstances of the parties. The defendant contends that the financial circumstances of the parties have changed substantially since the date of judgment. The court finds the following facts. CT Page 10076
The plaintiff's net weekly wage as of April 13, 1992, shortly before judgment, was around $220.00 per week. Her present net weekly wage, as indicated by her financial affidavit, is around $270.00 per week.
The defendant was, at the time of dissolution, a bail bondsman. Shortly after the dissolution, he lost his ability to engage in that business. He has an eighth grade education, and possesses no significant, past employment experience besides being a bondsman and tending bar. He is currently employed on a part-time basis as a limousine driver and earns an average gross weekly pay of around $240.00. His gross, weekly income as a bondsman was around $350.00.
The court finds that the fluctuations in the parties' income since judgment produces a substantial change in circumstances warranting a reduction of alimony from $150.00 per week to $100.00 per week.
Sferrazza, J.